UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C.A.T. GLOBAL INC.,

    Plaintiff,

v.

OTT TRANSPORTATION SERVICES,

    Defendant.
_____/

Case No. 2:24-cv-10320

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ENTERING JUDGMENT OF DEFAULT**

Default judgments are serious business. They are not handed out like candy but reserved for times when a defendant's lack of response leaves the plaintiff no other choice. This is such a case. Plaintiff, a Canadian logistics broker, entrusted Defendant with a shipment of beverages, demanding that they not become frozen. Defendant did not hold up its end of the deal. The drinks arrived frozen solid, unfit for sale, so Plaintiff sued. Despite being properly served, Defendant did not bother to appear in court. Thus, Plaintiff's request for a default judgment will be granted.

## I. BACKGROUND

Plaintiff C.A.T. Global Inc. and Defendant OTT Transportation Services are both Canadian companies. ECF No. 1 at PageID.1. Plaintiff handles transportation logistics; Defendant transports goods. *Id.* at PageID.2. This case is all about a

shipment of Budweiser Zero and Corona Sunbrew beverages that arrived frozen and unusable. *Id.* The parties' contract explicitly required Defendant to protect the beverages from freezing, but they arrived frozen. *Id.* Plaintiff demanded compensation, but Defendant has not responded. *Id.*

Plaintiff sued Defendant under the Carmack Amendment, 49 U.S.C. § 14706, which holds carriers like Defendant strictly liable for goods lost or damaged during transit. *Id.*; *Exel, Inc. v. S. Refrigerated Transp.*, 807 F.3d 140, 148 (6th Cir. 2015) (citation omitted). Plaintiff's process server personally served the complaint on Defendant's agent, Aman Minhas, in British Columbia, Canada, on March 25, 2024. ECF No. 5. With no response from Defendant, Plaintiff moved for a clerk's entry of default, ECF No. 7, which was entered, ECF No. 8.

Plaintiff now seeks a default judgment. ECF No. 10.

## II. DEFAULT JUDGMENT

A default judgment must be entered if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, as evidenced by an affidavit. FED. R. CIV. P. 55(b). Here, Plaintiff submitted such an affidavit. *See* ECF No. 10-1.

To grant a default judgment, this Court must ensure that (1) it has both subject-matter jurisdiction over the claim and personal jurisdiction over the defendant, (2) the defendant was properly served, (3) the defendant has failed to appear and to defend, and (4) the plaintiff is entitled to the relief sought. *See Marelli*

*Auto. Lighting v. Indus. BM de Mex.*, No. 2:20-CV-10331, 2021 WL 5121273, at *1–2 (E.D. Mich. Nov. 4, 2021) (citations omitted).

### A. Jurisdiction

"Once default is entered, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citation omitted).

#### 1. Subject-Matter Jurisdiction

This Court has subject-matter jurisdiction under 28 U.S.C. § 1337(a), as this case involves a federal question arising under the Carmack Amendment. The Carmack Amendment preempts state laws with respect to the liability of carriers for goods lost or damaged during interstate shipment. *Exel*, 807 F.3d at 148 (citations omitted). This lawsuit concerns goods transported from Ontario to British Columbia, crossing international and state borders, and thus qualifying as interstate commerce under 49 U.S.C. § 13102(14), (23) and § 13501(1)(A).

#### 2. Personal Jurisdiction

Personal jurisdiction over Defendant, a nonresident, requires sufficient minimum contacts with the forum state, Michigan, such that maintaining the lawsuit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### a. General Jurisdiction

General jurisdiction exists when a defendant's contacts with the forum state are so continuous and systematic that the defendant is essentially at home in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Here, Defendant, a Canadian corporation with its principal place of business in British Columbia, does not maintain such continuous and systematic contacts with Michigan to warrant general jurisdiction. There is no indication that Defendant has offices, employees, or direct business operations in Michigan.

### b. Specific Jurisdiction

Specific jurisdiction must satisfy a three-part test:

(1) *Purposeful Availment*: The defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence in the forum state.
(2) *Arising From or Relate To*: The plaintiff's cause of action must arise from or be related to the defendant's activities in the forum state.
(3) *Reasonableness*: The acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (6th Cir. 1968).

Defendant purposefully availed itself of the privilege of conducting activities in the United States, including Michigan, by engaging in interstate commerce as a delivering motor carrier. Defendant's activities are not random or fortuitous; rather, they are deliberate and have a substantial connection to Michigan. *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 891 (6th Cir. 2002) (quoting *Khalaf v.*

*Bankers & Shippers Ins.*, 273 N.W.2d 811, 819 (Mich. 1978)). The shipment in question traveled through Michigan, and Defendant, by virtue of its business model, knowingly transports goods interstate, thus availing itself of the protection and obligations of United States laws, including the Carmack Amendment. This meets the criteria for purposeful availment, as Defendant "should reasonably anticipate being haled into court [in Michigan]" for issues arising from such activities. *See id.* at 889 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Plaintiff's cause of action directly relates to Defendant's Michigan activities. Defendant transported the damaged shipment, which is the basis of this lawsuit, through Michigan. This connection establishes that the claim relates to Defendant's activities within the forum state under Michigan's long-arm statute. *See* MICH. COMP. LAWS § 600.715(2), (5); *see also Bradley v. Smith*, No. 22-11457, 2023 WL 6302999, at *6 (E.D. Mich. Sept. 27, 2023) ("Relatedness has been a 'lenient standard' that can be satisfied when the cause of action is 'at least marginally related to the alleged contacts' between the defendant and the forum." (first quoting *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002); and then citing *Lyngaas v. Ag*, 992 F.3d 412, 423 (6th Cir. 2021))).

Exercising jurisdiction over Defendant is reasonable. Michigan has a strong interest in adjudicating disputes involving commerce that passes through its borders, ensuring the integrity of goods transported within the state, and protecting the rights

of those affected by such transportation. *See Starbrite Distrib. v. Excelda Mfg.*, 562 N.W.2d 640, 645 (Mich. 1997). The burden on Defendant, a Canadian corporation, to litigate in Michigan is mitigated by modern transportation and communication technologies, as well as by Defendant's voluntary engagement in interstate commerce through Michigan.

### B. Proper Service

Plaintiff properly effected service under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.

### 1. Compliance with the Hague Convention

Service of process in international cases must comply with the Hague Convention, which provides a framework for serving judicial documents abroad, ensuring that defendants in foreign countries receive notice in a manner that respects their national laws while providing due process under international law. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).

The Hague Convention permits various methods of service, including service through a central authority designated by the foreign country, Article 5, and service by postal channels directly to the addressee, Article 10(a), if the destination country does not object. Canada, the destination country in this case, has not objected to the

methods provided under Article 10(b), which allows for direct service through judicial officers, officials, or other competent people.

### 2. Method of Service

Here, service was executed under Article 10(b) of the Hague Convention. On March 25, 2024, Avtar Bains, a process server employed by Action Process Serving, personally served the summons and complaint on Aman Minhas, a director of Defendant. ECF No. 5 at PageID.15. Bains is authorized to serve legal process in Canada, satisfying the requirement that service be conducted by a competent person under the laws of the destination country. *See id.*

The documents served included the summons, the complaint, a Hague Service Convention "Notice," and a Hague Service Convention "Summary." *Id.* These documents were handed directly to Minhas at Defendant's business address in Surrey, British Columbia. *Id.* at PageID.16.

The affidavit of service provides a detailed account of the service, confirming that Minhas accepted the documents and that he was informed he was being served for Defendant. *Id.* at PageID.16–17. This affidavit serves as evidence that the service complied with the Hague Convention and Canadian law.

### 3. Legal Requirements for Effective Service

International service of process requires compliance with the Hague Convention. *Volkswagenwerk*, 486 U.S. at 705. To satisfy the requirements of due

process, service must be reasonably calculated to provide the defendant with notice of the pending lawsuit and an opportunity to respond.

The facts here demonstrate compliance. The service met the procedural requirements of the Hague Convention, provided actual notice to Defendant, and satisfied due process under United States law. Service on Minhas, a director and authorized agent of Defendant, at Defendant's principal place of business ensures that Defendant was given proper notice of the lawsuit.

### C. Entry of Default

Default was appropriate given Defendant's failure to respond. Default must be entered if a party fails to plead or otherwise to defend. FED. R. CIV. P. 55(a). The clerk's entry of default against Defendant on May 8, 2024, ECF No. 8, was proper given Defendant's lack of response within the requisite time frame. The procedural prerequisites for default under Civil Rule 55(a) have therefore been satisfied.

### D. Plaintiff's Entitlement to Relief

This Court must next determine whether Plaintiff is entitled to the relief sought. To that end, this Court takes the well-pleaded allegations of the complaint as true, except those relating to the amount of damages. *Marelli Auto. Lighting v. Indus. BM de Mex.*, No. 2:20-CV-10331, 2021 WL 5121273, at *1 (E.D. Mich. Nov. 4, 2021) (quoting *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006)).

Entering a default judgment is within the court's discretion and guided by equity and fairness considerations of:

1) possible prejudice to the plaintiff;
2) the merits of the claims;
3) the sufficiency of the complaint;
4) the amount of money at stake;
5) possible disputed material facts;
6) whether the default was due to excusable neglect; and
7) the preference for decisions on the merits.

*Id.* at *2 (quoting *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002)).

The first factor heavily favors Plaintiff. Indeed, Plaintiff entrusted valuable cargo to Defendant, which then failed to deliver the goods in the condition required by their contract. ECF No. 1 at PageID.2–3. Plaintiff paid its client, Dr. Pepper Snapple Group, for the damages incurred, and is now left holding the bag for nearly $50,000 due to Defendant's nonfeasance. *Id.* at PageID.3. Without a default judgment, Plaintiff would have no remedy, which is clear and significant prejudice.

Plaintiff's claims have substantial merit. Under the Carmack Amendment, carriers are strictly liable for the actual loss or injury to property they transport. *Exel, Inc. v. S. Refrigerated Transp.*, 807 F.3d 140, 150 (6th Cir. 2015) (citing 49 U.S.C. § 14706(a), (c)(1)(A)). To establish a *prima facie* case, a plaintiff must demonstrate: (1) that the goods were delivered to the carrier in good condition; (2) that the goods arrived in a damaged condition; and (3) the amount of damages. *Mo. Pac. R.R. v.*

*Elmore & Stahl*, 377 U.S. 134, 138 (1964). Here, Plaintiff's complaint and supporting affidavit from Jeff Lefebvre establish these elements convincingly. ECF No. 1 at PageID.3. The goods were in good condition when handed to Defendant and arrived frozen and unsellable. *Id.* Plaintiff's documented payout to its client underscores the financial impact. ECF No. 10-1 at PageID.27.

The complaint is well pleaded and sufficiently detailed. It lays out the contract terms, the expectations, Defendant's breach, and the resulting damages. *See generally* ECF No. 1. The narrative provided is clear and supported by documentation, including the bill of lading and service of process records, *see* ECF No. 1-1 at PageID.8–9, which substantiate the claims against Defendant, *see Exel*, 807 F.3d at 148 ("[T]he carrier [is] liable to the person entitled to recover under the receipt or bill of lading." (citing 49 U.S.C. § 14706(a)(1))).

The amount at stake, $48,301.92, is significant but not exorbitant. It reflects the actual damages that Plaintiff incurred by compensating its client for the ruined shipment. This amount is documented and precise, aligning with the principle that default judgment should be "fully commensurate" with the harm suffered. Nancy Melgaard, Note, *Spoliation of Evidence—an Independent Tort?*, 67 N.D. L. REV. 501, 526 n.186 (1991) (quoting *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 131 (S.D. Fla. 1987)).

Given Defendant's failure to respond, there is no indication of disputed material facts at this juncture. Plaintiff's factual allegations are uncontested, and the evidence supports them. Defendant had ample opportunity to present disputes but chose not to engage.

No evidence suggests Defendant defaulted due to excusable neglect. The service of process was executed correctly under international protocols, ensuring that Defendant was properly notified of the proceedings. The absence of Defendant's response and engagement suggests a willful decision to ignore the lawsuit.

Although there is a general preference for decisions on the merits, it does not override the necessity of enforcing procedural rules and ensuring that plaintiffs can obtain relief when defendants fail to participate. *Cunningham v. Acct. Processing Grp.*, No. 2:21-CV-00120, 2022 WL 900618, at *4 (S.D. Ohio Mar. 28, 2022) ("Where trial on the merits is not attainable, however, courts recognize that this policy preference must yield to the needs of litigants actually before them." (citing *Toler v. Glob. Coll. of Nat. Med.*, No. 4:13-CV-10433, 2016 WL 67529, at *9 (E.D. Mich. Jan. 6, 2016))). Accordingly, the merits of this case, as presented through Plaintiff's uncontested allegations and supporting evidence, justify the entry of a default judgment.

Based on these factors, Plaintiff is entitled to the relief sought. Defendant's failure to respond leaves Plaintiff with no recourse but a default judgment.

### E. Hearing Requirement

A hearing is not necessary. The court must hold a hearing if it cannot "ascertain the amount of damages with reasonable certainty," *Sampedro v. Club Caribbean LLC*, No. 2:19-CV-12921, 2020 WL 13441623, at *1 (E.D. Mich. Apr. 9, 2020) (quoting *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. May 11, 2009)). The sum certain at issue is sufficiently demonstrated by Plaintiff's affidavit and the letter its attorney sent to Defendant's publicly available address. *See* ECF Nos. 1-1, PageID.8–9; 10-1 at PageID.26–28; *see also* ECF No. 1 at PageID.3 ("C.A.T. made a Cargo Loss and Damage Claim to Ott in the amount of $48301.92."); discussion *supra* Section II.D. So default judgment will be entered.

### V. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 10, is **GRANTED**.

Further, it is **ORDERED** that Judgment of Default is **ENTERED** for Plaintiff C.A.T. Global Inc. and against Defendant OTT Transportation Services in the amount of $48,301.92 plus postjudgment interest.

**This final order closes the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 6/18/2024